IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>$10,000.00 in United States Currency,<br><br>              Defendant. | 8:12CV140<br><br>ORDER |

      This matter is before the Court on the motion to strike (filing 13) filed by plaintiff United States of America. The United States brought this action for forfeiture *in rem* against $10,000 in currency seized from Pedro Herrera. Filing 1 at ¶ 2; filing 11 at ¶ 2. The government alleges that the money was used or intended to be used in exchange for controlled substances, represents proceeds from trafficking in controlled substances, or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, *et seq*. 21 U.S.C. § 881(a)(6); filing 1 ¶ 6.

      Herrera has filed a claim to the money (filing 9), asserting that he earned the money lawfully and it is not subject to forfeiture. Herrera also filed an answer (filing 11) that is the subject of the government's motion to strike. Herrera's answer was styled as both an answer and a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Filing 11. The United States argues that Herrera's motion to dismiss has not been properly presented under NeCivR 7.0.1, and moves to strike all references to Herrera's motion to dismiss from his answer. Herrera has not responded to the motion to strike.

      This Court's local rules require that all motions raising a substantial issue of law be supported by a brief filed and served together with, but separate from, the motion. NeCivR 7.0.1(a)(1)(A). The brief must concisely state the reasons for the motion and cite to supporting authority. NeCivR 7.0.1(a)(1)(A).

      The Court finds that the motion to strike should be granted. Herrera's motion to dismiss raises substantial issues of law that would benefit from briefing. If Herrera wishes to file a new motion attacking the sufficiency of the United States' complaint, he must do so as required by the local rules: with a separate motion and brief in support.

The Court will strike the portions of Herrera's answer that purport to raise a motion to dismiss. To be clear: while the portions raising a motion to dismiss are stricken, the allegations underlying Herrera's motion remain unaffected. In other words, Herrera has properly preserved any objections to jurisdiction raised in his answer. *See* Rule G(5)(b), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Accordingly,

IT IS ORDERED:

1. The motion to strike (filing 13) filed by the United States of America is granted; and

2. The portions of Herrera's answer (filing 11) that purport to raise a motion to dismiss under Fed. R. Civ. P. 12(b)(6) are stricken.

Dated this 22nd day of August, 2012.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
United States District Judge